**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

NORTH & SOUTH WHOLESALERS, LLC,
a Florida limited liability company,

Plaintiff,

v. Case No.

JPMORGAN CHASE BANK, N.A., a
national banking association,

Defendant.
_________________________________/

**DEFENDANT'S NOTICE OF REMOVAL**

To: The Judges of the United States District Court
Southern District of Florida, Miami Div.

Defendant, JPMorgan Chase Bank, N.A. ("Chase"), hereby removes the above-captioned action currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2026-016655-CA-01 (the "State Court Action"), to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Chase hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). Chase will provide evidence to support the allegations of this pleading as required in response to any challenge to the Court's jurisdiction.

As shown below, this Court has original subject matter jurisdiction over this matter because (a) the parties are completely diverse, and (b) the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, *see* 28 U.S.C. §§ 1332(a), 1441(b). Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on Counsel for Plaintiff and filed with the Miami-Dade County Circuit Court in the State Court Action. In support hereof,

Chase states as follows:

1. On August 17, 2026, Plaintiff, North & South Wholesalers, LLC ("Plaintiff"), commenced this action by filing a Complaint in the State Court Action in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

2. Chase was served with the Summons and Complaint on August 28, 2026. A true and correct copy of the Summons and Complaint is attached hereto and incorporated herein as **Composite Exhibit "A"**.

3. All other pleadings and papers that have been filed in the State Court Action other than the Summons and Complaint are attached hereto as **Composite Exhibit "B"**. Within the meaning and intent of 28 U.S.C. § 1446, the documents contained in Composite Exhibits "A" and "B" constitute all process, pleadings, and orders filed to date in the State Court Action.

4. Removal to this Court is proper because: (a) the State Court Action is being removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida; (b) pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days from the date of Chase's receipt of the initial pleading; and (c) as shown below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because this matter is between citizens of different States within the meaning of that provision and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A. The Diversity of Citizenship Requirement is Satisfied.**

5. The parties to this action are citizens of different states within the meaning of 28 U.S.C. § 1332(a)(1).

6. For purposes of diversity jurisdiction, a limited liability company is a citizen of any state in which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH*

*Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Hines Interests Ltd. P'ship v. Southstar Cap. Grp. I, LLC*, No. 6:18-cv-1147-Orl-22DCI, 2018 U.S. Dist. LEXIS 222956, at *6 (M.D. Fla. Dec. 20, 2018).

7. Plaintiff alleges that it is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida. Compl. ¶ 1. Additionally, according to records publicly available to Chase, it appears that Plaintiff has three potential members, who all appear to be citizens of Florida. Therefore, Plaintiff is a citizen of Florida for purposes of diversity jurisdiction. To be sure, nothing Chase has seen suggests any of Plaintiff's members are citizens of the State of Ohio.

8. Pursuant to 28 U.S.C. § 1348, "all national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." Further, "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, Nat'l Association v. Schmidt, et al.*, 546 U.S. 303 (2006); *see also Arthur v. JP Morgan Chase Bank, NA et al.*, 569 F. App'x. 669, 673 (11th Cir. 2014); *Orton v. Mathews*, 572 F. App'x. 830, 832 (11th Cir. 2014). Chase is, and was at the time the State Court Action was filed, a national banking association, organized under the laws of the United States, with its main office, as designated in its articles of association, in Columbus, Ohio. Accordingly, Chase is a citizen of Ohio for the purpose of diversity jurisdiction.

9. Thus, because Plaintiff is a citizen of Florida and Chase is a citizen of Ohio, there is complete diversity of citizenship between the parties.

**B. <u>The Amount in Controversy Requirement Is Satisfied.</u>**

10. Plaintiff's Complaint seeks damages against Chase arising out of fifteen allegedly

fraudulent wire transfers from Plaintiff's Chase account. Compl. ¶ 23. According to the Complaint, an "unauthorized intruder" gained access to Plaintiff's online profile and altered the "saved recipient records" of Plaintiff's "established wire recipients" to new bank account numbers with subtly altered beneficiary names designed to "mimic" Plaintiff's vendors. *Id.* ¶ 20. As a result, between June 28, 2024 and July 23, 2024, Plaintiff sent fifteen allegedly fraudulent wire transfers totaling $546,076.28 from Plaintiff's account to the "imposter accounts." *Id.* ¶ 23.[1]

11. Based on the allegations in the Complaint, the amount in controversy exceeds $75,000.00, as Plaintiff alleges that it suffered damages totaling $507,681.23. Compl. ¶s 23, 29, 32, 41, 46, 50, 55, 60.

**C. <u>All Other Removal Prerequisites Have Been Satisfied.</u>**

12. This Notice of Removal is timely filed because it has been filed within thirty (30) days of Chase's receipt of the Complaint. *See* 28 U.S.C. § 1446(b).

13. Removal to this Court is proper because this Court is "the district court of the United States for the district and division embracing the place where such action is pending," which is the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. 28 U.S.C. § 1446(a).

14. This action is not a non-removable action as described under 28 U.S.C. § 1445.

15. In accordance with 28 U.S.C. § 1446(d), Chase will promptly serve a copy of this Notice of Removal on Plaintiff's counsel and will file a Notice of Filing this Notice of Removal with the Clerk of the Circuit Court of Miami-Dade County, Florida in the State Court Action.

---

[1] A total of $38,395.05 has been returned to Plaintiff, so the damages Plaintiff seeks total $507,681.23. Compl. ¶ 29.

**RESERVATION OF ALL RIGHTS AND DEFENSES**

16. In removing this action, Chase does not intend to waive any rights or defenses to which it is otherwise entitled, including, but not limited to, those set forth in Federal Rules of Civil Procedure 12(b) and 13. Chase further reserves the right to supplement this Notice of Removal and/or present additional arguments in support of removal, if necessary.

**CONCLUSION**

17. Removal of this case is timely and appropriate. This civil action is between citizens of the States of Ohio and Florida, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. As such, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

**WHEREFORE**, Chase removes the State Court Action to this Court based on 28 U.S.C. § 1332(a), and requests that this Court take jurisdiction over this matter to its conclusion and final judgment in accordance with the law.

DATED this 28th day of September, 2026.

Respectfully Submitted,

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909

By: */s/ Courtney M. Keller*
Courtney M. Keller, Esquire
Florida Bar No. 028668
Savannah Young, Esquire
Florida Bar No. 1031408
Email: kellerc@gtlaw.com
youngsa@gtlaw.com
nef-iws@gtlaw.com
FLService@gtlaw.com

*Counsel for Defendant JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 28, 2026 I electronically filed the foregoing **Defendant's Notice of Removal**, through the Court's CM/ECF system, which will send an electronic copy to the following:

Ely R. Levy, Esquire
Robin A. Richison, Esquire
Aylin Morales, Esquire
Levy & Partners, PLLC
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Email: elevy@lawlp.com
robin@lawlp.com
aylin@lawlp.com
aimy@lawlp.com

*Counsel for Plaintiff*

/s/ Courtney M. Keller
Courtney M. Keller